UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROYA,<br>          Plaintiff,<br>v.<br>PACIFIC MARITIME ASSOCIATION, et al.,<br>          Defendants. | Case No.18-cv-06141-JD<br><br>**ORDER RE DISMISSAL AND STAY**<br><br>Re: Dkt. Nos. 15, 17 |

Pro se plaintiff Kevin Roya originally filed this employment action against Everport Terminal Services and several other defendants in California state court. Roya was a longshore mechanic at a terminal in the Port of Oakland, and captioned his complaint as an action for "wrongful termination" and other employment-related claims. Dkt. No. 1, Ex. B. The original complaint expressly mentioned the "pacific coast longshore contract document" as being "in dispute." *Id*. Defendants removed the case to this Court on the basis of complete pre-emption under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *See* Dkt. No. 1. Roya did not object to the removal, and subsequently amended his complaint with references to 42 U.S.C. Section 1981 and other federal statutes. Dkt. No. 17. While removal appears to have been appropriate at the time of the original complaint, it is possible that facts might emerge that would cast doubt on complete pre-emption and vitiate federal question jurisdiction. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985); *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1011 (9th Cir. 2018).

As it currently stands, the amended complaint, Dkt. No. 17, does not state enough facts in a sufficiently clear way to make out a plausible claim. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendants have fair notice of the substance of the claim and the facts supporting it. Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As a pro se plaintiff, Roya is

entitled to the benefit of the doubt in the application of this standard, and a liberal construction of his complaint. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Even so, the amended complaint is not coherent enough to go forward. It runs just under two-and-a-half pages, and features statements such as "Kenneth green is a known troublemaker and liar" and "this whole thing started over a rope being cut by Brian tilly." Dkt. No. 17 at 1, 2. The lack of clarity is exacerbated by the fact that Roya attached over 100 pages of medical and employment records, including documents from a union grievance proceeding. There is simply not enough explanation in the amended complaint to apprise the Court of what Roya's claims might be, or to give defendants fair notice of what they need to respond to.

Consequently, the complaint is dismissed without prejudice. Plaintiff may file a second amended complaint by **February 4, 2019**. Failure to amend by that date will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

In the meantime, the case is stayed in its entirety. The case management conference set for January 10, 2019, is vacated.

**IT IS SO ORDERED.**

Dated: January 3, 2019

JAMES DONATO
United States District Judge